### STATE vs. GERTRUDE RUSSELL.

The words "common night walker" have a technical meaning in criminal law. Hence a complaint charging a woman with being a "common night walker" is sufficient without the allegation of particular acts.

If for her defence the accused requires more definite information, she can obtain it by asking for a bill of particulars.

EXCEPTIONS to the Court of Common Pleas.

*May* 22, 1884. DURFEE, C. J. The exceptions raise only one question, namely: Is a complaint under Pub. Stat. R. I. cap. 244, § 22, against a woman for being a common night walker sufficient if it simply charges her with being a common night walker without alleging particular acts? It is well settled that for the offence of being a common scold or a common barrator such a charge is sufficient. The reason is, the offence does not consist of particular acts but of an habitual practice evidenced by a series of acts. It may be argued that if a vicious practice constitutes the offence, then the practice ought to be alleged descriptively in the complaint or indictment. The answer is, the words " common scold " and " common barrator " are words having a technical meaning in the law, and that they import *ex vi terminorum* all that would be expressed if the practice were so alleged. In *State* v. *Dowers*, 45 N. H. 543, the same reasoning was held to be applicable where the offence is the offence of being a common night walker, and in that case it was decided that it was enough to charge the offender with being a common night walker. We think the decision was correct. The words " a common night walker " are words having a technical meaning in the law, and it would therefore be superfluous to spread their definition on the record. If, for the purposes of defence, the accused needs more definite information than the record affords, she should ask for a bill of particulars, which, of course, in so far as the offence is capable of being particularized, ought to be and would be supplied. Wharton's Crim. Plead. & Prac. § 155 ; *Commonwealth* v. *Davis*, 11 Pick. 432 ; *Commonwealh* v. *Pray*, 13 Pick. 359 ; *Commonwealth* v. *Wood*, 4 Gray, 11. *Exceptions overruled.*

*Stephen A. Cooke, Jun.*, for plaintiff.

*John M. Brennan,* for defendant.